**HART, etc., Plaintiff, v. GUARDIAN TRUST COMPANY, et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 438880. Decided May 18, 1945.

Attorneys:—Krueger, Gorman & Davis, Davis & Young, Thompson, Hine & Flory, Squire, Sanders and Dempsey, Boyd, Brooks & Wickham, Jones, Day, Cockley & Reavis, Andrews, Hadden & Putnam, Grossman, Carter, Hamilton & Rosenman, McKeehan, Merrick, Arter & Stewart, Clinton DeWitt, Roscoe Ewing, Thomas Bolton and Frank H. Pelton, all of Cleveland.

## OPINION

By McNAMEE, J:

The questions presented for determination arise upon the motion of defendant, Charles K. Arter, and sixteen other defendants to strike from the files a pleading designated as "Amendment to the Fourth Amended Petition." The defendants in this proceeding are known as the part period directors. As stated by counsel for defendants

"This motion is upon the single hypothesis that the court does not have jurisdiction over the respective persons of these part period directors."

While the point at issue may be indicated in the foregoing concise statement of counsel, no clear comprehension of the claims which form the bases of defendants' contention is possible without an understanding of the complicated and involved state of the record.

The plaintiff Superintendent of Banks of the State of Ohio as Liquidator of the Guardian Trust Company instituted this action on December 30, 1935. In the petition filed at that time plaintiff prayed for an accounting and judgment against sixty-two former directors of the Guardian Bank upon the ground of alleged breaches of fiduciary duties. Upon sustaining various motions of defendants this court struck the Amended, Second Amended and Third Amended Petitions from the files. On October 31, 1942, at the time the Third Amended Petition was stricken the court granted plaintiff leave to file a further Amended Petition by January 15th, 1943. That this court was influenced in striking the various petitions from the files, in part at least, by the apparent misjoinder of various

causes of action against several defendants, is evidenced by expressions contained in opinions heretofore released by other members of this bench.

On January 8, 1943, forty-two of the original defendants remained as parties to the case. Twenty-one of them had served as directors of the Guardian Bank during the entire period of time referred to in plaintiff's petitions, while the remaining twenty-one directors, including these moving defendants, had served for a part only of such period. About this time plaintiff filed an application for leave to sever and docket separate petitions in this case against the twenty-one part period directors. This application was overruled on January 14, 1943, at which time the court also ruled that no extension of time within which to file a fourth amended petition would be granted. On this same day plaintiff filed a written statement modeled after the notice referred to in **Grimm v. Modest, 135 Oh St, 275,** in which he stated that—

"He does not want to and will not file an amended petition against"

the parties to this motion—

"but is filing a fourth amended petition against the other defendants at once."

On January 14, 1943, also plaintiff filed his fourth amended petition against the full period directors.

On January 16, 1943, plaintiff presented to the court a draft of an entry awarding judgment in favor of the part period directors. Defendants' counsel appeared in court, objected to the court's signing the proffered entry awarding judgment in their favor and the court refused to sign the same. At or about this time in response to a question by the court as to whether plaintiff was abandoning the lawsuit, "as far as these twenty-one defendants are concerned," counsel for plaintiff answered "Certainly not." Plaintiff thereafter filed notice of appeal from the order denying his application for severance.

During January and February, 1943, the full period directors filed motions to strike the fourth amended petition from the files because of the failure of plaintiff to comply with previous orders of the court. On March 3, 1943, these motions were granted and the court in addition thereto, adjudged, "that the action is hereby dismissed and costs are adjudged against plaintiff." On March 8, 1943, plaintiff filed notice of appeal from the judgment and final order of March 3, 1943. On June

21, 1943, while the last mentioned appeal was pending, the Court of Appeals dismissed plaintiff's first appeal from the order denying his application for severance, on the ground that the entry of January 14, 1943, was not a final order. The Supreme Court later denied a motion to certify this cause.

Under date of January 24, 1944, the Court of Appeals of this district released an opinion in the appeal from the Common Pleas Court's judgment of March 3, 1943, in which the appellate court, speaking through Matthews, J., said:

"We are of the opinion that the twenty-one defendants who were not named, as well as the twenty-one who were named in the fourth amended petition were parties to the action at the time the judgment of dismissal was entered on March 3rd, 1943, and are parties to this appeal."

Upon learning that the Court of Appeals expressed the opinion that they were parties to the appeal from the judgment of March 3rd, 1943, the part period directors filed an application for rehearing in that court, claiming among other grounds, that the Appellate Court erred in finding that the part period directors were parties to this action in Common Pleas Court on March 3, 1943. In their application for rehearing these defendants also contended that plaintiff's filing of the fourth amended petition against the full period directors, together with his written notice that he would not file an amended petition against the part period directors, had the effect of a voluntary dismissal of said part period directors from the case. The application of the part period directors for rehearing was denied on February 16, 1944, and the journal entry of the Court of Appeals recorded at that time, provided, in part:

"* * * and the judgment of said Court of Common Pleas is reversed, because said court on March 3, 1943, erred in sustaining motions of defendants to strike the fourth amended petition from the files and in striking the fourth amended petition from the files and in dismissing said action and this cause is remanded to said Court of Common Pleas for further proceedings according to law."

The following day, February 17, 1944, plaintiff without leave of court filed the Amendment to the Fourth Amended Petition, which is the subject of this motion. Subsequent pertinent events as related in plaintiff's brief are, as follows:

"Directly after the amendment to the 4th amended petition was filed on February 17, 1944, the part period directors filed in the Supreme Court (1) a petition in prohibition asking that the Court of Common Pleas be prohibited from proceeding against the part period directors and (2) a motion to certify the record of the Court of Appeals for review. The motion to certify was granted, and an appeal from the order of the Court of Appeals was thereafter heard by the Supreme Court.

"On December 20, 1944, the Supreme Court refused the writ of prohibition and also dismissed the appeal."

In its opinion assigning reasons for dismissing the appeal the Supreme Court noted that certain asserted facts were not part of the record before it; that statements in the Court of Appeals opinion form no part of the record; and declaring that a court of record speaks only through it journal, the Supreme Court speaking through Judge Zimmerman concluded its opinion as follows:

"Confining ourselves to the judgment entry of the Court of Appeals, as we must, we find that such court adjudged solely that it was error on the part of the lower court to strike the fourth amended petition from the files and dismiss the action. **Since appellants were excluded from such amended petition and were consequently not affected thereby,** they are not presently in a position to ask this Court to decide the questions they pose in their assignments of errors. (Ohio Bar December 25, 1944; **144 Oh St 270, 271.**)"

In their brief defendants urge the following grounds as the bases for granting the motion:

"1. These part period directors ceased to be parties to this action on January 14, 1943, upon the filing by the plaintiff of his 4th Amended Petition; or

"2. If these part period directors were parties to the case on March 3rd, 1943, then in such event they were dismissed therefrom on that date.

"3. The plaintiff has not taken the steps required by law to make these part period directors again defendants in the action."

Defendants further argue that:

"* * * there is an inescapable deduction from the conclusion of the Supreme Court 'to dismiss the appeal,' rather than to

affirm, reverse or modify the order of the Court of Appeals, that the Supreme Court agreed with the above point '1' or point '2'."

In the absence of any statement in the Supreme Court's opinion, supporting counsel's deduction, this Court cannot consider a speculative interpretation of that court's action as the ratio decidendi thereof. The inescapable "effect" of the Supreme Court's action, which must be considered, is that the Court of Appeals' decision stands as the law of the case.

The opinion of the Appellate Court likewise is the final judicial pronouncement upon the questions presented by defendants' motion to strike the amendment. In its written opinion the appellate court clearly set forth its reasons for rejecting the contentions there made which are similar to, if not identical with, the reasons now urged in support of this motion. The reasoning of the Court of Appeals merits and should receive careful and respectful consideration by this court of inferior jurisdiction.

There was no dismissal of the case against the part period directors on January 14, 1943, nor was there an abandonment of the case against them by filing the fourth amended petition only against the full period directors. After this court denied plaintiff's application for severance he sought to obtain a final order as the necessary prerequisite for an appeal. Attempting to follow the procedure outlined in Grimm v. Modest, supra, he advised the court of his intention not to file a further amended petition against the part period directors. Then, in apparent good faith, and expecting that the court by reason of such declaration of intention would award judgment in favor of these defendants, plaintiff presented a journal entry designed to accomplish this result. It would be contrary to reason to permit defendants who objected to a judgment being entered in their favor and who secured a dismissal of plaintiff's appeal because no final order was entered, to now claim that plaintiff's declaration of intention was tantamount to a dismissal of the case against them. Manifestly plaintiff's declaration was intended only to serve as the basis for a final order from which an appeal would lie. It can not be fairly disassociated from that purpose· and considered as a commitment binding in any event. Nor can the filing of the fourth amended petition against the full period directors be construed as an abandonment of the case against the other defendants. As the Court of Appeals well said:

"It is clear that the plaintiff did not intend to dismiss his action against the twenty-one defendants not named or charged in the fourth amended petition. It would be a distortion of his acts and words to import any such meaning into them."

As hereinbefore noted and in the alternative, defendants argue that if they were parties to the case on March 3, 1943, dismissal of the action by the Common Pleas Court on that date was as to them final and complete. In support of this proposition they urge that they were not parties to the proceeding in the Court of Appeals. Whether the appeal had been perfected against them was a question peculiarly within the province of the Court of Appeals to decide. As hereinabove set forth, the Court of Appeals expressed its opinion on that question in language that cannot be misunderstood. The Supreme Court has not said that the Court of Appeals was wrong. For this court to do so requires a greater degree of intellectual effrontery than is possessed by this member of the bench.

Under the present state of the record, it appears that the Court of Appeals' decision of February 16, 1944, was effective to restore the case as a pending action in the Common Pleas Court with the rights and obligations of the parties thereto unaffected by the erroneous dismissal of the case on March 3rd, 1943. The fourth amended petition was reinstated against the full period directors; the part period directors remained parties to the case against whom no pleading was filed and, as of the date of reversal, the plaintiff was in technical default of pleading against the latter under the terms of the "leave to plead" previously granted by this court. No dismissal of the case against the part period directors has been entered since February 16, 1944. It seems evident therefore that the original jurisdiction of this court over the respective persons of such directors which was acquired upon service of summons remains unaffected, notwithstanding the bewildering confusion of subsequent procedural events. If the foregoing analysis be correct the "single hypothesis" upon which defendants' contention rests is without support in fact or law.

Being of the opinion, for the reasons above stated, that the court has jurisdiction of the respective persons of these defendants, the court finds it unnecessary to pass upon plaintiff's contention that the defendants have entered general appearances by attacking the amendment on other than jurisdictional grounds.

There remains for consideration the suggestion that this court in the exercise of its discretion should strike the amendment from the files.

Although plaintiff was in technical default from January 15, 1943, to March 3, 1943, these defendants took no action during that time to have the case dismissed against them. When plaintiff's appeal from the order denying his application for severance was dismissed on June 21, 1943, he was unable to file an amended petition against these defendants because the action had been dismissed. Immediately after the case was reinstated in the Common Pleas Court, plaintiff filed the amendment to the fourth amended petition. He claims that by virtue of the provisions of §11360 GC, he had an undeniable right to file this amendment without leave of court. **Sec. 11360 GC** reads:

"**Sec. 11360 GC.** Plaintiff may amend petition without leave. —At any time before the answer is filed, a plaintiff may amend his petition without leave or prejudice to the proceeding. Notice of such amendment shall be served upon the defendant, or his attorney. The defendant shall have the same time to answer or demur thereto as to the original petition. (R. S. Sec. 5111.)"

It is not entirely clear that the foregoing section authorizes the addition of parties to a pleading on file, by amendment and without leave of court, but this court is satisfied that the ends of justice will be served by permitting the amendment to stand. **Sec. 11363 GC** reads:

"**Sec. 11363 GC.** Power of court as to amendments.— Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto by an amendment. (R. S. Sec. 5114.)"

In commenting upon the above section the Supreme Court, **Irwin et al., v. Bank of Bellefontaine, 6 Oh St 81,** at **page 90** says:

"Broader and more efficient language could hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be in furtherance of justice."

There has been no delay in this case since January 15, 1943, which is fairly attributable to plaintiff. It was the dismissal of the case on March 3, 1943, and the subsequent proceedings in the Court of Appeals and the Supreme Court that stayed the progress of this case since that time. The court is of the opinion that no prejudice or injustice to these defendants will result by overruling the motion. On the other hand, if the court in the exercise of its discretion were to grant this motion, it would follow logically that the court then ought to entertain and grant a motion to dismiss the action against these defendants. Plaintiff's well intentioned but ineffectual effort to eliminate the vice of misjoinder from his pleading produced unexpected and unpredictable results. To add the drastic penalty of dismissal to those consequences, would, in view of the unusual circumstances hereinabove elaborated, constitute an unwarranted abuse of discretion. Therefore, and pursuant to the broad powers granted by §11363 GC, the court will permit the amendment to stand. The motions of the part period directors to strike the amendment to the fourth amended petition from the files are overruled with exceptions to all moving defendants.